■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN EDWARDS, Appellant. [874 NYS2d 343]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered November 20, 2007. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree and course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [1]) and course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]). We agree with defendant that his waiver of the right to appeal was invalid because it is unclear on the record before us whether he "may have erroneously believed that the right to appeal is automatically extinguished upon entry of a guilty plea" (*People v Moyett*, 7 NY3d 892, 893 [2006]). Although the waiver thus does not encompass defendant's challenge to the severity of the sentence (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]), we reject that challenge. "Defendant was sentenced in accordance with the plea bargain and should be bound by its terms" (*People v Mc-Govern*, 265 AD2d 881 [1999], *lv denied* 94 NY2d 882 [2000]; *see People v Lake*, 45 AD3d 1409 [2007], *lv denied* 10 NY3d 767 [2008]). Finally, defendant failed to preserve for our review his contention that County Court failed to take into account the jail time credit to which he is entitled in determining the duration of the order of protection (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), and we decline to exercise our power to review that

contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.