■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LUIS TAVERAS, Appellant. [879 NYS2d 333]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered July 18, 2005, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of eight years to life, to be served consecutively to a sentence upon a New Jersey conviction, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentence be served concurrently with the New Jersey sentence, and otherwise affirmed. Order, same court and Justice,

entered on or about April 10, 2008, which specified and informed defendant that the court would resentence him to a term of 7½ years, unanimously affirmed, and the matter remanded to Supreme Court, New York County for further proceedings upon defendant's application for resentencing.

Although we decline to disturb the proposed resentence under the Drug Law Reform Act (L 2005, ch 643, § 1), which reduces the original sentence to 7½ years, we find the original sentence excessive to the extent that it directed the sentences to run consecutively. Because of the procedural posture of this case, the rule that resentencing under the Drug Law Reform Act does not permit the issue of concurrent versus consecutive sentencing to be revisited (*see People v Vaughan*, 62 AD3d 122 [2009]) does not apply. We have before us, not only the appeal from the proposed resentence, but defendant's direct appeal from the original judgment of conviction. Defendant filed a timely notice of appeal from that conviction, the appeal has never been dismissed, and we deem defendant to have perfected that appeal, under the circumstances presented, by way of his appeal from the proposed resentence (*see* CPLR 2001). Concur—Gonzalez, P.J., Mazzarelli, Buckley, Renwick and Abdus-Salaam, JJ.