■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY ALLEN, Appellant. [882 NYS2d 783]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered February 11, 2008. The judgment convicted defendant, upon his plea of guilty, of unlawful surveillance in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of unlawful surveillance in the second degree (Penal Law § 250.45 [3] [a]) and endangering the welfare of a child (§ 260.10 [1]). We agree with defendant that he did not validly waive his right to appeal. "County Court's single reference to defendant's right to appeal is insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Thousand*, 41 AD3d 1272, 1273 [2007], *lv denied* 9 NY3d 927 [2007] [internal quotation marks omitted]). Even a valid waiver of the right to appeal, however, would not encompass the contention of defendant that the court failed to take into account the jail time credit to which he is entitled in setting the duration of the orders of protection (*see People v Victor*, 20 AD3d 927 [2005], *lv denied* 5 NY3d 833, 855 [2005]). Defendant failed to preserve that contention for our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), however, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see People v Edwards*, 59 AD3d 980 [2009]). Contrary to the further contention of defendant, the court properly concluded, after considering "the nature and circumstances of the crime and . . . the history and character of the defendant, . . . that [his] registration [as a sex offender] would [not] be unduly harsh and inappropriate" (Correction Law § 168-a [2] [e]). Present—Martoche, J.P., Centra, Peradotto, Green and Gorski, JJ.