# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1282**

**KA 11-00256**

PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

JON T. MAGLIOCCO, DEFENDANT-APPELLANT.

---

JOSEPH T. JARZEMBEK, BUFFALO, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------

Appeal from a resentence of the Genesee County Court (Robert C. Noonan, J.), rendered January 6, 2011. The resentence certified defendant as a sex offender.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence certifying him as a sex offender pursuant to Correction Law § 168-d based on his conviction, upon his plea of guilty, of unlawful surveillance in the second degree (Penal Law § 250.45 [3]). In his brief, defendant contends that being certified as a sex offender is akin to receiving an enhanced sentence and thus that County Court erred in imposing that enhanced sentence without affording him the opportunity to withdraw his guilty plea. We reject that contention. The court was not required to address the Sex Offender Registration Act consequences that flowed from defendant's conviction during the plea allocution because they are "collateral rather than direct consequences of a guilty plea" (*People v Gravino*, 14 NY3d 546, 550), and defendant's claimed lack of awareness of those consequences did not affect the voluntariness of his guilty plea (*see id.*). Also, the court was not required to conduct a factfinding hearing before certifying defendant as a sex offender because defendant was not convicted of an offense listed in Correction Law § 168-d (1) (b) or (c) (*see Gravino*, 14 NY3d at 557 n 5).

Contrary to the further contention of defendant, the court properly concluded, "after considering 'the nature and circumstances of the crime and . . . the history and character of the defendant, . . . that [his] registration [as a sex offender] would [not] be unduly harsh and inappropriate' " (*People v Allen*, 64 AD3d 1190, 1191, *lv*

*denied* 13 NY3d 794, quoting Correction Law § 168-a [2] [e]).