# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**201**

**KA 11-01989**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RAYMOND E. ALLARD, DEFENDANT-APPELLANT.

---

JOSEPH T. JARZEMBEK, BUFFALO, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 6, 2011. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the periods of postrelease supervision imposed shall run concurrently and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him, following his plea of guilty, of two counts of rape in the second degree (Penal Law § 130.30 [1]), defendant contends that County Court erred in its "determination" that he is a "sex offender." We reject that contention. The Correction Law requires that a defendant convicted under Penal Law § 130.30 be classified as a sex offender (*see* Correction Law § 168-a [2] [a] [i]). Defendant's reliance on *People v Allen* (64 AD3d 1190, 1191, *lv denied* 13 NY3d 794) is misplaced. Unlike here, the defendant in *Allen* was convicted under, inter alia, Penal Law § 250.45 (3) (a). The Correction Law does not require that a defendant convicted under that section of the Penal Law be classified as a sex offender if, upon a motion by the defendant, the sentencing court determines that such a classification would be "unduly harsh and inappropriate" (Correction Law § 168-a [2] [e]). Finally, although not raised by defendant, we conclude that the court erred in imposing consecutive periods of postrelease supervision. Penal Law § 70.45 (5) (c) requires that the periods of postrelease supervision merge and are satisfied by the service of the longest unexpired term (*see People v Kennedy*, 78 AD3d 1477, 1479, *lv denied* 16 NY3d 798). Because we cannot allow an illegal sentence to stand (*see People v Davis*, 37 AD3d 1179, 1180, *lv denied* 8 NY3d 983), we modify

the judgment accordingly.

Entered:  June 7, 2013                    Frances E. Cafarell
                                          Clerk of the Court