THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON PEREZ, Appellant. [972 NYS2d 553]—

Orders, Supreme Court, New York County (Laura A. Ward, J.), entered on or about April 9, 2008 and April 23, 2010, each of which denied defendant's respective motions for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738), unanimously affirmed.

The court properly exercised its discretion in determining that substantial justice dictated that defendant's resentencing application should be denied (L 2004, ch 738, § 23; *People v Sosa*, 18 NY3d 436, 443 [2012]). The court did not place excessive emphasis on the fact that defendant absconded before trial and remained a fugitive for many years, while ignoring defendant's alleged mitigating circumstances (*compare People v Cruz*, 96 AD3d 693 [1st Dept 2012]). On the contrary, it also considered that the large quantity of drugs related to defendant's underlying conviction evinced a large scale drug operation, rather than mere street-level sales; that defendant was armed with a loaded weapon on the day he was arrested; that he was convicted of another drug distribution charge while he was a fugitive and was sentenced to 2¹/₂ years in Massachusetts on that felony; and that defendant has refused to accept responsibility for the underlying conviction or the one in Massachusetts. The court properly found that these factors outweighed the mitigating factors offered by defendant.

Although defendant requests, in the alternative, a reduction of his underlying sentence, we do not find that a direct appeal from that 26-year-old conviction is properly before us (*compare People v Taveras*, 63 AD3d 401 [1st Dept 2009]). In any event,

there is no basis for reducing the sentence. Concur—Acosta, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.