# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1049

KA 12-00882

PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

ERIC SAHM, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC SAHM, DEFENDANT-APPELLANT PRO SE.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered May 2, 2012. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), and that valid waiver forecloses any challenge by defendant to the severity of the sentence (*see id.* at 255; *see generally People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737).

We reject defendant's further contention that his plea of guilty was not knowingly, intelligently and voluntarily entered. " 'Here, defendant's belated and conclusory allegations of innocence in support of the motion [to withdraw the plea] are belied by the plea colloquy' " (*People v Nelson*, 66 AD3d 1430, 1430, *lv denied* 14 NY3d 772), as is defendant's conclusory and unsupported allegation made in his pro se supplemental brief that his attention deficit hyperactivity disorder rendered him unable to understand the proceedings (*see People v Brooks*, 89 AD3d 747, 747-748, *lv denied* 18 NY3d 955). Moreover, the requirements of the Sex Offender Registration Act are collateral consequences of a guilty plea (*see People v Magliocco*, 101 AD3d 1724, 1724), and the potential termination of parental rights with respect to biological children is not an automatic consequence of being convicted of a sex offense or having to register as a sex offender

(*see generally Matter of Afton C. [James C.]*, 17 NY3d 1, 10-11).
Thus, County Court was not required to advise defendant of those
matters at the time of the plea.