# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

87

KA 12-01049

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CHRISTIAN M. PATTERSON, DEFENDANT-APPELLANT.

---

CHRISTOPHER JUDE PELLI, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered April 11, 2012. The judgment convicted defendant, upon a jury verdict, of aggravated murder, attempted aggravated murder (two counts), criminal possession of a weapon in the fourth degree and harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, one count of aggravated murder (Penal Law § 125.26 [1] [a] [i]) and two counts of attempted aggravated murder (§§ 110.00, 125.26 [1] [a] [i]), defendant contends that he was denied effective assistance of counsel based upon several alleged failures of trial counsel. We reject defendant's contention.

This conviction arose from an incident spread over two dates, in which defendant shot and killed a deputy sheriff (hereafter, deputy). The evidence at trial, including defendant's trial testimony, establishes that the deputy responded after defendant's neighbors called 911 and reported a domestic dispute regarding defendant and his girlfriend. The neighbors also told the 911 operator that defendant might be armed. The evidence, again including defendant's testimony, establishes that the deputy parked his vehicle in defendant's driveway and began to walk toward defendant's house. Before the deputy said or did anything, defendant picked up a pump action shotgun and placed his finger on the trigger. A six-hour stalemate ensued, involving the deputy, defendant, and numerous other members of several law enforcement agencies. Despite numerous requests from the deputy and other law enforcement personnel at the scene to put down the shotgun, defendant never removed his finger from the trigger. The incident came to a climax when defendant moved to a less-visible part of his garage and began to put on a jacket. He released the trigger when he

began to put his arm in the sleeve of the jacket. Two law enforcement agents quickly fired non-lethal projectiles at defendant, which knocked him down and caused him to drop the shotgun. The deputy rushed into the garage with a taser, in a further attempt to subdue defendant with non-lethal force. Before the deputy reached him, however, defendant picked up the shotgun and fired a slug that struck the deputy in the hand and neck, causing his death. The remaining law enforcement officers shot defendant several times, which resulted in non-lethal injuries. As they were shooting at him, he worked the pump action of the shotgun two more times, firing the weapon at a law enforcement agent each time.

The matter proceeded to trial, where the jury rejected the defense that defendant was under the influence of an extreme emotional disturbance.

Defendant contends that his attorney was ineffective in failing to move to suppress evidence unlawfully seized from him by the law enforcement personnel at the scene in the absence of a warrant or probable cause to arrest him. We reject that contention. It is well settled that "a showing that [defense] counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel" (*People v Rivera*, 71 NY2d 705, 709; *see People v Biro*, 85 AD3d 1570, 1571; *see also People v Webster*, 56 AD3d 1242, 1242-1243, *lv denied* 11 NY3d 931), and it is equally well settled that, in order "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to request a particular hearing. Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment in not pursuing a hearing" (*Rivera*, 71 NY2d at 709). Furthermore, "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Watson*, 90 AD3d 1666, 1667, *lv denied* 19 NY3d 868; *People v McGee*, 87 AD3d 1400, 1403, *affd* 20 NY3d 513). Here, defendant failed to demonstrate the absence of legitimate explanations for defense counsel's failure to make a suppression motion, or that the " 'motion, if made, would have been successful and that defense counsel's failure to make that motion deprived him of meaningful representation' " (*People v Bassett*, 55 AD3d 1434, 1437-1438, *lv denied* 11 NY3d 922; *see People v Bedell*, 114 AD3d 1153, ___; *cf. People v Carnevale*, 101 AD3d 1375, 1378-1381).

Defendant's further contention that his attorney failed to provide effective assistance of counsel by failing to pursue a justification defense and to request a justification charge is also without merit. Contrary to defendant's contention, there is no reasonable view of the evidence that would permit defense counsel to pursue such a defense, and thus such a charge would not be appropriate (*see generally Caban*, 5 NY3d at 152). With respect to defendant's contention that he was entitled to use deadly force to prevent his

arrest, it is well settled that "defendant was not entitled to use *any* physical force to resist an arrest by a police officer who reasonably appeared to be [such an officer]" (*People v Degondea*, 269 AD2d 243, 245, *lv denied* 95 NY2d 834; *see People v Douglas*, 160 AD2d 1015, 1016, *lv denied* 76 NY2d 855), much less deadly physical force.  There is no reasonable view of the evidence supporting defendant's further contention that the deputy and the other law enforcement agents were committing a burglary that would justify defendant's use of deadly force pursuant to Penal Law § 35.20 (3).  Similarly, his contention that he was justified in using deadly physical force pursuant to section 35.15 is without merit because "the justification defense would not be available [where, as here,] defendant was 'the initial aggressor' " (*People v Watson*, 20 NY3d 1018, 1020, quoting § 35.15 [1] [b]).

We have reviewed defendant's further contentions regarding defense counsel's other alleged shortcomings and, viewing the evidence, the law and the circumstances of this case in totality and as of the time of representation, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

We reject defendant's further contention that the court erred in failing to instruct the jury, sua sponte, on the defense of justification.  Even assuming, arguendo, that such an instruction was supported by the evidence, we conclude that the "court did not err in refraining from delivering such a charge sua sponte, as this would have improperly interfered with defense counsel's strategy" (*People v Poston*, 95 AD3d 729, 730, *lv denied* 19 NY3d 1104).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court