# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

843

KA 12-01907

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOHNNIE COLOME-RODRIGUEZ, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Onondaga County Court (William D. Walsh, J.), entered February 28, 2011. The order denied the motion of defendant for resentencing pursuant to CPL 440.46.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: On appeal from an order denying his motion for resentencing pursuant to the 2009 Drug Law Reform Act (CPL 440.46), defendant contends that County Court failed to apprehend that it had discretion to resentence him. That contention is belied by the record, which establishes that the People conceded that defendant was eligible for resentencing but the court concluded that "substantial justice" required denial of defendant's motion.

Contrary to defendant's further contention, "[t]he court properly exercised its discretion in determining that substantial justice dictated that defendant's resentencing application should be denied" (*People v Perez*, 110 AD3d 528, 528, *lv denied* 22 NY3d 1043; *see People v Sosa*, 18 NY3d 436, 443). In denying the application, the court considered the facts that defendant absconded prior to trial in this case and was sentenced in absentia, that he remained at large for 17 years, and that he possessed a large quantity of drugs that was inconsistent with street-level sales (*see Perez*, 110 AD3d at 528). Defendant did not contest the information in the presentence report that he had been arrested on new drug charges in New York City while he was at large, nor did he object to the court's statement that he possessed a handgun at the time of the initial arrest on this matter. Thus, inasmuch "[a]s defendant failed to object at the time of sentencing, the claim that the court considered improper factors in imposing the sentence is unpreserved for [our] review" (*People v Rosado*, 300 AD2d 838, 840-841, *lv denied* 99 NY2d 619; *see People v*

*Harrison*, 82 NY2d 693, 694; *People v Mathieu*, 83 AD3d 735, 737, *lv denied* 17 NY3d 798), and we decline to exercise our power to review that claim as a matter of discretion in the interest of justice.  The information that defendant submitted on appeal regarding that claim is de hors the record.

Entered:  September 26, 2014                      Frances E. Cafarell
                                                  Clerk of the Court