# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**104**

**KA 11-02371**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V         MEMORANDUM AND ORDER

GERREN WHORLEY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (LINDSEY LUCZKA OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

  Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 16, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

  It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

  Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in determining that the police had the necessary reasonable suspicion to detain him and to frisk him for weapons because the information provided to them by the citizen informant was unreliable. The citizen informant, a bouncer at an adjacent bar, had informed the police that he felt a gun on defendant's person. Inasmuch as "that contention was not raised in defendant's pretrial omnibus motion or at the suppression hearing, it has not been preserved for our review" (*People v King*, 284 AD2d 941, 941, *lv denied* 96 NY2d 920; *see People v Turner*, 96 AD3d 1392, 1393, *lv denied* 19 NY3d 1002). In any event, that contention lacks merit. The information provided by the bouncer, an identified citizen, was based upon his personal knowledge and accused defendant of committing a specific crime, and thus it provided the officers with at least a reasonable suspicion that a crime had been, or was being, committed, thus authorizing the detention (*see People v Brito*, 59 AD3d 1000, 1000, *lv denied* 12 NY3d 814; *see generally People v De Bour*, 40 NY2d 210, 223; *People v Cantor*, 36 NY2d 106, 112-113). In addition, that information was coupled with the police officer's confirmatory observations of certain details of the information provided by the citizen informant, which further provided at least reasonable suspicion to detain defendant (*see generally People v Argyris*, ___ NY3d ___, ___ [Nov. 25, 2014]; *People v Bell*, 5 AD3d 858,

860; *People v Powell*, 234 AD2d 397, 398, *lv denied* 89 NY2d 988). Inasmuch as the information provided to the officers indicated that defendant possessed a gun, and "[a] corollary of the statutory right to temporarily detain for questioning is the authority to frisk [an individual] if the officer reasonably suspects that he is in danger of physical injury by virtue of the detainee being armed" (*De Bour*, 40 NY2d at 223), the officers were authorized to frisk defendant once they detained him.

To the extent that defendant contends that he was denied effective assistance of counsel because of advice he received from his attorney, that contention "is based on information outside the record before us and is therefore properly raised by a CPL article 440 motion" (*People v James*, 269 AD2d 845, 846). To the extent that defendant's ineffective assistance of counsel claim otherwise survives his plea of guilty (*see People v Garner*, 86 AD3d 955, 956), we conclude that it lacks merit (*see generally People v Ford*, 86 NY2d 397, 404). We note in particular that, although defendant contends that he was denied effective assistance of counsel because defense counsel was operating under a conflict of interest, defendant has failed to demonstrate that any alleged conflict of interest affected "the conduct of his defense . . . , or that the conflict operated on [defense counsel's] representation" of defendant (*People v Konstantinides*, 14 NY3d 1, 10; *see People v Ennis*, 11 NY3d 403, 410, *cert denied* 556 US 1240).

Contrary to defendant's contention, the sentence is not unduly harsh or severe.

Entered:  February 13, 2015                                  Frances E. Cafarell
                                                             Clerk of the Court