# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1348**
**KA 10-02346**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

        V                                 MEMORANDUM AND ORDER

ERIC W. JOHNSON, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC W. JOHNSON, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered November 4, 2010. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree (two counts) and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the periods of postrelease supervision imposed shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Contrary to defendant's contention, we conclude that Supreme Court did not abuse its discretion in denying his motion for a mistrial, which was based on his untimely claims that a recording of a jailhouse telephone call admitted in evidence was incomplete, and that he received improper advice from defense counsel (*see generally People v De Mauro*, 48 NY2d 892, 893; *People v Flowers*, 102 AD3d 885, 886, *lv denied* 21 NY3d 942, *reconsideration denied* 23 NY3d 692). To the extent that defendant's contention is based upon matters outside the record on appeal, those matters should be addressed by a motion pursuant to CPL article 440 (*see People v Whorley*, 125 AD3d 1484, 1485, *lv denied* 25 NY3d 1173). We reject defendant's further contention that reversal is warranted based on the court's alleged mishandling of defendant's complaints about defense counsel. "Even assuming, arguendo, that defendant's complaints suggest[ed] a serious possibility of good cause for substitution requiring a need for further inquiry . . . , we conclude that the court afforded defendant the opportunity to express his

objections concerning [defense counsel], and the court thereafter reasonably concluded that defendant's . . . objections had no merit or substance" (*People v Singletary*, 63 AD3d 1654, 1654 [internal quotation marks omitted], *lv denied* 13 NY3d 839).

Defendant failed to preserve for our review his contention that the court erred in admitting as demonstrative evidence a pry bar similar to the one used during the commission of the crime (*see* CPL 470.05 [2]), and we decline to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to object to the admission of the pry bar or the court's limiting instruction with respect thereto. We reject that contention inasmuch as any such objection or argument " '[had] little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152). Contrary to defendant's further contention, he was not denied effective assistance of counsel based on defense counsel's failure to request a justification charge inasmuch as there was no reasonable view of the evidence that would have permitted the jury to find that defendant's use of deadly physical force was justified (*see* Penal Law § 35.15 [2] [a]; *People v Patterson*, 115 AD3d 1174, 1176, *lv denied* 23 NY3d 1066). In any event, we conclude that defendant has failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to request a justification charge (*People v Rivera*, 71 NY2d 705, 709). We reject defendant's further contention that the court erred in failing to instruct the jury, sua sponte, on the defense of justification. Even if such an instruction had been supported by the evidence, we conclude that the " 'court did not err in refraining from delivering such a charge sua sponte, as this would have improperly interfered with defense counsel's strategy' " (*Patterson*, 115 AD3d at 1176-1177).

Defendant failed to preserve for our review his challenges to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19). In any event, we conclude that the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's further contention, the sentence is not unduly harsh and severe. We note, however, that the certificate of conviction incorrectly reflects that the sentence imposed on count four is to be served consecutively to count two. The court directed, instead, that count three is to be served consecutively to count two, and that count four is to be served concurrently with count two. The certificate of conviction must therefore be amended accordingly (*see People v Carrasquillo*, 85 AD3d 1618, 1620, *lv denied* 17 NY3d 814). Finally, although not raised by defendant, we conclude that "the court erred in imposing consecutive periods of postrelease supervision" (*People v Allard*, 107 AD3d 1379, 1379). "Penal Law § 70.45 (5) (c) requires that the periods of postrelease supervision merge and are

satisfied by the service of the longest unexpired term" (*Allard*, 107 AD3d at 1379).  "Because we cannot allow an illegal sentence to stand" (*id.*), we modify the judgment accordingly.

   We have considered the contentions of defendant in his pro se supplemental brief and conclude that, to the extent that they have not been addressed by our decision herein, they either are without merit or involve matters outside the record.

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court