# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**127**
**KA 15-00073**
PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

BARRY HOLLIS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered November 17, 2014. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree and rape in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the periods of postrelease supervision shall run concurrently, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]) and rape in the second degree (§ 130.30 [1]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), and that valid waiver encompasses his challenge to the severity of the sentence (*see generally People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737). We agree with defendant, however, that County Court erred in imposing consecutive periods of postrelease supervision. "Penal Law § 70.45 (5) (c) requires that the periods of postrelease supervision merge and are satisfied by the service of the longest unexpired term" (*People v Allard*, 107 AD3d 1379, 1379). "Because we cannot allow an illegal sentence to stand" (*id.*), we modify the judgment accordingly.

Entered: February 10, 2017                    Frances E. Cafarell
                                              Clerk of the Court