People v Green (2019 NY Slip Op 04608)





People v Green


2019 NY Slip Op 04608


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1147 KA 16-00800

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT GREEN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO, HODGSON RUSS LLP (PATRICK E. FITZSIMMONS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 20, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The charge arose after a police officer observed the vehicle in which defendant was a passenger being operated in violation of the Vehicle and Traffic Law. The officer followed the vehicle in order to initiate a traffic stop, but the driver pulled over and stopped before the officer activated his lights. Upon approaching the vehicle, the officer observed that there were two occupants, one of whom, i.e., defendant, was moving around in the backseat and putting his hands in his front pocket as if he was "stuffing something either in his coat or in his pants as if to conceal it from [the officer]." Although it was winter, both the driver's and defendant's windows were open, and the officer detected the odor of marihuana emanating from the vehicle. The officer asked the driver and defendant for identification and thereafter learned that the driver's license of the driver had been revoked and that defendant did not have a driver's license.
The officer directed defendant to exit the vehicle and place his hands on the patrol car so that the officer could conduct a pat search. Defendant exited the vehicle as directed but thereafter fled, discarding components of a 9 millimeter Glock semiautomatic pistol as he ran. Defendant contends, inter alia, that Supreme Court erred in refusing to suppress the gun on the ground that the officer exceeded his authority in ordering defendant to exit the vehicle and place his hands on the patrol car.
Because the driver pulled over of his own volition before the officer activated his emergency lights to initiate a traffic stop, the officer needed only an articulable basis to lawfully approach the occupants of the vehicle and request information (see People v Harrison, 57 NY2d 470, 475 [1982]). That basis was supplied by the officer's observation that the vehicle was being operated in violation of Vehicle and Traffic Law § 375 (2) (a) (1) (see People v Robinson, 97 NY2d 341, 349 [2001]). Thus, the officer's conduct "was justified in its inception" (People v Nicodemus, 247 AD2d 833, 835 [4th Dept 1998], lv denied 92 NY2d 858 [1998]).
The court determined that the officer had a founded suspicion of criminality prior to ordering defendant to exit the vehicle for the pat search. A founded suspicion of criminality standing alone, however, was insufficient to justify the officer's conduct in ordering defendant to place his hands on the patrol car in preparation for a pat search (see generally People v Whorley, 125 AD3d 1484, 1484 [4th Dept 2015], lv denied 25 NY3d 1173 [2015]). Nevertheless, in making its determination, the court credited the officer's testimony that he smelled fresh marihuana [*2]emanating from the vehicle and was experienced in detecting marihuana. It is well settled that "[t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014] [internal quotation marks omitted]). The court, however, did not address whether the officer's observation provided probable cause to search defendant's person, and we cannot affirm the court's refusal to suppress the gun "on a theory not reached by the suppression court" (People v Ingram, 18 NY3d 948, 949 [2012]; see People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 473-474 [1998], rearg denied 93 NY2d 849 [1999]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court for a determination whether the officer possessed the requisite justification to conduct a search of defendant (see generally People v Sykes, 110 AD3d 1437, 1438 [4th Dept 2013]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court