People v Johnson (2022 NY Slip Op 05466)

People v Johnson

2022 NY Slip Op 05466

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

719 KA 16-01741

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRYON K. JOHNSON, DEFENDANT-APPELLANT. 

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 13, 2015. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, defense counsel was not ineffective for asking law enforcement witnesses whether and how each of them was familiar with defendant, even though that line of questioning alerted the jury to the fact that defendant had prior contacts with law enforcement. It is well settled that a claim of ineffective assistance of counsel requires proof of "less than meaningful representation; a simple disagreement with strategies . . . [or] tactics . . . , weighed long after the trial, does not suffice" (People v Flores, 84 NY2d 184, 187 [1994]; see People v Singleton, 203 AD3d 1671, 1672 [4th Dept 2022], lv denied 38 NY3d 1074 [2022]). The defendant must " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]; see also People v Anderson, 159 AD3d 1592, 1594 [4th Dept 2018], lv denied 31 NY3d 1077 [2018], reconsideration denied 32 NY3d 934 [2018]).
Here, defense counsel's "strategy was to suggest that the police had improper motives against . . . defendant because of their knowledge of his prior [law enforcement contacts], and had manufactured the evidence against him" (People v Mercedes, 182 AD2d 778, 779 [2d Dept 1992], lv denied 80 NY2d 835 [1992]). Although defense counsel thus elicited "damaging testimony" during cross-examination of the People's law enforcement witnesses, there was "a discernible strategy in the questions posed by defense counsel" (People v Yelle, 303 AD2d 1043, 1044 [4th Dept 2003], lv denied 100 NY2d 626 [2003]; see also People v Harriger, 199 AD3d 1482, 1482-1483 [4th Dept 2021]). We therefore conclude that defendant has failed to demonstrate the absence of a legitimate explanation for defense counsel's alleged shortcomings (see generally People v Burton, 191 AD3d 1311, 1314-1315 [4th Dept 2021], lv denied 36 NY3d 1095 [2021]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court