People v Lane (2023 NY Slip Op 03985)

People v Lane

2023 NY Slip Op 03985

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

197 KA 10-01373

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN J. LANE, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered July 10, 2009. The judgment convicted defendant, upon a nonjury verdict, of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). The conviction arose from the shooting death of the victim—i.e., the brother of a man who defendant maintained had murdered two of defendant's friends—during a confrontation outside a store. We affirm.
Defendant contends that he received ineffective assistance of counsel because defense counsel answered in the negative when County Court asked whether she wanted the court to charge itself on the affirmative defense of extreme emotional disturbance (EED), and defense counsel failed to request a charge on justification. We reject that contention.
Initially, we note that neither EED nor justification is a defense to criminal possession of a weapon in the second degree (see People v Pons, 68 NY2d 264, 267 [1986]; People v Pilato, 145 AD3d 1593, 1593 [4th Dept 2016], lv denied 29 NY3d 951 [2017]), and thus defense counsel was not ineffective for failing to request that the court charge itself on those defenses with respect to that count (see generally People v Caban, 5 NY3d 143, 152 [2005]).
Although the affirmative defense of EED is available with respect to the count of murder in the second degree (see Penal Law § 125.25 [1] [a] [i]), that defense would have required that defendant establish that he "suffered from a mental infirmity not rising to the level of insanity at the time of the homicide, typically manifested by a loss of self-control" (People v Roche, 98 NY2d 70, 75 [2002]; see People v Schumaker, 136 AD3d 1369, 1372 [4th Dept 2016], lv denied 27 NY3d 1075 [2016], reconsideration denied 28 NY3d 974 [2016]). Here, we conclude that "proof of the objective element [of the defense] is lacking . . . , inasmuch as defendant's behavior immediately before and after the killing was inconsistent with the loss of control associated with the affirmative defense" (People v Mohamud, 115 AD3d 1227, 1228 [4th Dept 2014], lv denied 23 NY3d 965 [2014] [internal quotation marks omitted]; see Schumaker, 136 AD3d at 1372). Defense counsel was therefore not ineffective by failing to request that the court charge itself on the EED defense with respect to the second- degree murder count inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (Caban, 5 NY3d at 152; see Schumaker, 136 AD3d at 1372). Similarly, contrary to defendant's assertion, he was not denied effective assistance of counsel based on defense counsel's failure to request a justification charge because there was no reasonable view of the evidence that would have permitted the court to find that [*2]defendant's use of deadly physical force was justified (see Penal Law § 35.15 [2] [a]; People v Johnson, 136 AD3d 1338, 1339 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]). Moreover, we conclude that defendant has failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to request an EED defense or justification charge (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Lasher, 163 AD3d 1424, 1425 [4th Dept 2018], lv denied 32 NY3d 1005 [2018]; Johnson, 136 AD3d at 1339).
Next, inasmuch as defendant " 'failed to object at the time of sentencing, the claim that the court considered improper factors in imposing the sentence is unpreserved for [our] review' " (People v Colome-Rodriguez, 120 AD3d 1525, 1525-1526 [4th Dept 2014], lv denied 25 NY3d 1161 [2015]; see CPL 470.05 [2]), and we decline to exercise our power to review that claim as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Colome-Rodriguez, 120 AD3d at 1526).
Defendant also contends that he was denied effective assistance of counsel at sentencing. We reject that contention. Contrary to defendant's assertion, the record establishes that, although a new attorney had only recently taken over the case, he " 'was sufficiently familiar with the case and defendant's background to provide meaningful representation at sentencing' and appropriately advocated for defendant at sentencing" (People v Seymore, 188 AD3d 1767, 1770 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; see People v Saladeen, 12 AD3d 1179, 1180 [4th Dept 2004], lv denied 4 NY3d 767 [2005]). We have reviewed defendant's further assertion regarding the new attorney's other alleged shortcoming, and we conclude that " 'the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the [new] attorney provided meaningful representation' " with respect to sentencing (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Baldi, 54 NY2d 137, 147 [1981]; see People v Peters, 213 AD3d 1359, 1359 [4th Dept 2023], lv denied 39 NY3d 1143 [2023]).
Finally, defendant contends that the sentence should be reduced based on his post-conviction conduct while incarcerated, and he has attached various unsworn letters, memoranda, and reports to his brief in support thereof. We conclude, however, that "[b]ecause the documents in the appendix to defendant's brief are dehors the record and do not come within an exception to the general rule, they may not be considered on appeal" (People v Wilson, 227 AD2d 994, 994 [4th Dept 1996]), and we note that there is no indication that defendant sought to properly include the documents as part of the record on appeal (cf. 22 NYCRR 1250.7 [d] [3]; People v Chen, 176 AD2d 628, 628 [1st Dept 1991]). Based on the record before us, we conclude that the sentence is not unduly harsh or severe.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court