People v Ritchie (2025 NY Slip Op 03410)

People v Ritchie

2025 NY Slip Op 03410

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

165 KA 15-00996

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEVIN A. RITCHIE, DEFENDANT-APPELLANT. 

ADAM H. VAN BUSKIRK, AUBURN, FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered June 3, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the third degree (two counts), assault in the second degree, obstructing governmental administration in the second degree and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]), two counts of criminal possession of a weapon in the third degree (§ 265.02 [1]), and one count each of assault in the second degree (§ 120.05 [2]), obstructing governmental administration in the second degree (§ 195.05), and tampering with physical evidence (§ 215.40 [2]). The conviction arises from incidents that took place at a house party, during which defendant fatally stabbed one victim and assaulted another with a knife.
Defendant contends that County Court erred in denying his for-cause challenges to three prospective jurors. Defendant failed to preserve for our review his contention that one of the prospective jurors did not have the ability to be impartial because he had relatives in law enforcement (see People v Smith, 200 AD3d 1689, 1691 [4th Dept 2021], lv denied 38 NY3d 954 [2022]; People v Stepney, 93 AD3d 1297, 1297-1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; People v Chatman, 281 AD2d 964, 964-965 [4th Dept 2001], lv denied 96 NY2d 899 [2001]). We reject defendant's contention insofar as it relates to two other prospective jurors, each of whom allegedly had "a state of mind that [was] likely to preclude [them] from rendering an impartial verdict based upon the evidence adduced at trial" (CPL 270.20 [1] [b]). The court obtained "the requisite unequivocal assurance of [the prospective jurors'] ability to be impartial," and the court thus properly denied those for-cause challenges (People v Williams, 128 AD3d 1522, 1523 [4th Dept 2015], lv denied 25 NY3d 1209 [2015]; see People v Strong, 172 AD3d 1927, 1928 [4th Dept 2019], lv denied 33 NY3d 1109 [2019]; People v Garcia, 148 AD3d 1559, 1560 [4th Dept 2017], lv denied 30 NY3d 980 [2017]).
Defendant's contention that reversal is required based on the failure of the People to produce Brady and Rosario material is not preserved for our review because defense counsel failed to make appropriate timely objections when the alleged violation came to his attention (see People v Samuel, 152 AD3d 1202, 1205 [4th Dept 2017], lv denied 30 NY3d 983 [2017]; People v Benton, 78 AD3d 1545, 1546 [4th Dept 2010], lv denied 16 NY3d 828 [2011]). In any event, defendant's contention lacks merit inasmuch as defendant "knew of, or should reasonably have known of, the evidence and its exculpatory nature" (People v LaValle, 3 NY3d 88, 110 [2004] [internal quotation marks omitted]), i.e., that he had received an injection of Haldol shortly after he was apprehended and just before he made certain incriminating statements (see generally [*2]People v Caruso, 219 AD3d 1682, 1683 [4th Dept 2023]).
Defendant contends that the court erred in denying his request to charge the defense of justification. We reject that contention inasmuch as no "reasonable view of the evidence would permit the factfinder to conclude that the defendant's conduct was justified" (People v Johnson, 136 AD3d 1417, 1417 [4th Dept 2016], lv denied 27 NY3d 1134 [2016] [internal quotation marks omitted]). There was no evidence that the victim was armed with or threatened to use a weapon, that he verbally threatened defendant's life, or that he engaged in any acts that could cause defendant "reasonably to believe that [he was] facing the imminent threat of deadly force" (People v Swanton, 216 AD3d 1441, 1442 [4th Dept 2023] [internal quotation marks omitted]; see generally People v Brown, 33 NY3d 316, 320, 322 [2019]).
Defendant contends that the conviction of murder in the second degree is not supported by legally sufficient evidence with respect to the issue of his intent. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction of murder in the second degree inasmuch as there is a " 'valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial' " (People v Simpson, 173 AD3d 1617, 1618 [4th Dept 2019], lv denied 34 NY3d 954 [2019], quoting People v Bleakley, 69 NY2d 490, 495 [1987]). Here, defendant's intent could be inferred from evidence that the victim suffered multiple stab wounds to his torso, each of which was at least four inches deep and two of which punctured vital organs, specifically the victim's heart and liver (see People v Fitzrandolph, 162 AD3d 1537, 1537 [4th Dept 2018], lv denied 32 NY3d 937 [2018], reconsideration denied 32 NY3d 1111 [2018]; People v Tigner, 51 AD3d 1045, 1045 [2d Dept 2008], lv denied 13 NY3d 863 [2009], reconsideration denied 14 NY3d 806 [2010]; see generally People v Lozada, 164 AD3d 1626, 1627 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]).
We further conclude that defendant received effective assistance of counsel. "Where, as here, a defendant contends that they received ineffective assistance of counsel under both the Federal and New York State Constitutions, [this Court] evaluate[s] the claim using the state standard, which affords greater protection than its federal counterpart" (People v Mastin, 232 AD3d 1268, 1269 [4th Dept 2024], lv denied 42 NY3d 1053 [2024] [internal quotation marks omitted]; see People v Stultz, 2 NY3d 277, 282 [2004], rearg denied 3 NY3d 702 [2004]; People v Conway, 148 AD3d 1739, 1741 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]). Under the state standard, if "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 147 [1981]). " '[A] simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after trial, does not suffice' " to demonstrate that a defendant was deprived of a fair trial by less than meaningful representation (Mastin, 232 AD3d at 1269, quoting People v Flores, 84 NY2d 184, 187 [1994]). "The defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Johnson, 208 AD3d 1649, 1650 [4th Dept 2022], lv denied 39 NY3d 963 [2022] [internal quotation marks omitted]). "As long as a defense is based on a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Singleton, 203 AD3d 1671, 1672-1673 [4th Dept 2022], lv denied 38 NY3d 1074 [2022] [internal quotation marks omitted]).
Here, defendant contends that defense counsel was ineffective for failing to obtain blood testing results to show whether defendant was intoxicated by drugs or alcohol, which defendant contends would have allowed defense counsel to seek suppression of defendant's statements and to challenge his intent. That contention is based on matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL 440.10 (see People v Nicholson, 118 AD3d 1423, 1425 [4th Dept 2014], affd 26 NY3d 813 [2016]; People v Nesmith, 235 AD3d 1239, 1240 [4th Dept 2025], lv denied — NY3d — [2025]; People v Morse, 233 AD3d 1470, 1471 [4th Dept 2024]). With respect to defendant's claim that defense counsel was ineffective in calling witnesses, cross-examining the People's witnesses, and addressing the weaknesses of the People's case, we conclude that defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (see People v Henry, 207 AD3d 1062, 1064-1065 [4th Dept 2022], lv denied 39 NY3d 940 [2022]; People v Finch, 180 AD3d 1362, [*3]1363 [4th Dept 2020], lv denied 35 NY3d 993 [2020]; see generally People v Jones, 193 AD3d 1410, 1412 [4th Dept 2021], lv denied 37 NY3d 972 [2021]). We note that defense counsel pursued a strategy of arguing that defendant was intoxicated and lacked intent, in support of which he elicited testimony that defendant drank alcohol and was drunk. Although that strategy was unsuccessful, it was "reasonable and legitimate . . . under the circumstances and evidence presented" (Singleton, 203 AD3d at 1672 [internal quotation marks omitted]). In light of our determination that the evidence did not support a defense of justification, we reject defendant's assertion that defense counsel was ineffective in failing to develop a justification defense and obtain a justification charge (see People v Lane, 218 AD3d 1152, 1153 [4th Dept 2023], lv denied 40 NY3d 1093 [2024]). We have considered defendant's remaining claims of ineffective assistance and conclude that they are without merit.
Finally, the sentence is not unduly harsh or severe.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court