■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MYERS, Appellant. [728 NYS2d 126] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered October 21, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, and order, same court and Justice, entered February 16, 1999, which denied defendant's motion to vacate

the judgment pursuant to CPL 440.10 and 440.20, unanimously affirmed.

Viewing the trial record along with the submissions on the motion to vacate judgment as a whole, we conclude that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Trial counsel's alleged omissions did not "seriously compromise" defendant's right to a fair trial (*People v Henry*, 95 NY2d 563, 566; *People v Hobot*, 84 NY2d 1021; *see also, Murray v Carrier*, 477 US 478).

Defendant testified that the shooting was an accident, and this was the core of his defense, although a justification defense based on use of deadly force in defense of persons was also raised. Defendant now faults his trial counsel for failing to also assert a justification defense based on use of deadly force against a burglary (Penal Law § 35.20). However, under the facts presented there was a considerable inconsistency between such a defense and the accident defense. Although inconsistent defenses are permitted by law, their hazardous nature is well established (*People v DeGina*, 72 NY2d 768, 777). Here, counsel's handling of the justification defense could not have deprived defendant of a fair trial.

Defendant also faults his trial counsel for failing to confront his fiancée, who was the People's principal witness, with evidence of a prior intimate relationship between her and the victim. We find that defendant's right to a fair trial was not compromised because such a strategy would have had little or no impact on the witness's credibility. Moreover, this strategy could have backfired by suggesting to the jury that defendant knew of the prior relationship, and thus supplying a motive for the killing. Accordingly, counsel's failure to make use of this information did not compromise his right to a fair trial (*see, People v Hobot, supra*).

Defendant's related claim that the People violated *Brady v Maryland* (373 US 83) by withholding further information about the alleged prior relationship between the witness and victim does not require reversal. In the first place, the record is inconclusive as to whether the information at issue was actually turned over to the defense. In any event, the additional information was cumulative of the information already in defendant's possession. Moreover, for the reasons previously stated, a line of defense based on the alleged prior relationship had no reasonable possibility of affecting the verdict (*see, People v Vilardi*, 76 NY2d 67, 77).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's remaining

contentions, including those contained in his *pro se* supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Nardelli, Williams, Rubin and Marlow, JJ.