■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY MARTINEZ, Appellant. [834 NYS2d 599]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered July 16, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and conspiracy in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the first degree (Penal Law former § 220.21 [1]) and conspiracy in the second degree (§ 105.15). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]) and, contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant also failed to preserve

for our review his contentions that the information in the application for the search warrant was stale (*see People v Felder*, 201 AD2d 884 [1994], *lv denied* 83 NY2d 871 [1994]), and that the testimony of a police officer interpreting recorded telephone conversations between defendant and other individuals invaded the province of the jury (*see People v Carvajal*, 14 AD3d 165, 173 [2004], *affd* 6 NY3d 305 [2005]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that the issuing magistrate did not have probable cause to issue the search warrant. Assuming, arguendo, that defendant has standing to challenge the search of the house from which the evidence was seized, we reject his contention. Contrary to defendant's contention, the issuing magistrate did not rely solely upon the police officer's interpretation of telephone conversations that were equally subject to an innocent explanation (*cf. People v Carrasquillo*, 54 NY2d 248, 254-255 [1981]; *People v LaDuke*, 206 AD2d 859, 860 [1994]). Rather, the police officer's application for the warrant also set forth that defendant had engaged in activities consistent with drug activity and had abandoned objects consistent with drug packaging, and that a trained drug-sniffing dog had "alerted" on those objects (*see People v Offen*, 78 NY2d 1089, 1091 [1991]). Thus, the issuing magistrate properly concluded that evidence of illegal activity would likely be found at the time of the search (*see generally People v Edwards*, 69 NY2d 814, 815-816 [1987]; *People v Bigelow*, 66 NY2d 417, 423 [1985]).

Contrary to the further contention of defendant, Supreme Court did not abuse its discretion in admitting in evidence the records of a telephone company establishing that certain telephone numbers were not issued by that company. In any event, even assuming, arguendo, that the court erred in admitting that evidence, we conclude that the error is harmless inasmuch as the records did not connect defendant, or indeed anyone else, to those numbers (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We have considered defendant's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.