■ The People of the State of New York, Respondent, v James Poston, Appellant. [945 NYS2d 79]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered December 18, 2008, as amended January 8, 2009, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

Defendant failed to preserve, and expressly waived, his argument that the court erred in instructing the jury only on the justified use of deadly force rather than ordinary physical force, and we decline to review it in the interest of justice. Defendant specifically requested a charge on the justified use of deadly force and explicitly told the court, following the charge, that it was satisfactory. As an alternative holding, we reject it on the merits. The court did not err in refraining from delivering such a charge sua sponte, as this would have improperly interfered with defense counsel's strategy (*see People v Kin Wong*, 81 AD3d 421 [2011], *lv denied* 16 NY3d 896 [2011]).

Defendant's primary defense at trial was that the knife belonged to the victim, who pulled it out and began to open it. Defendant contended that he grabbed for the knife and it pinched or clamped on the victim's hand before falling to the ground. Defendant testified that he had not intended to cut the victim, but was trying to disarm him. This claim of an accidental injury required no justification charge at all.

To the extent that defendant's testimony warranted a justification charge, it provided no basis for one that only involved the use of ordinary physical force. There was no reasonable view of the evidence, considered in the light most favorable to defendant, that he used anything less than deadly force (*see People v Steele*, 19 AD3d 175 [2005], *lv denied* 5 NY3d 795 [2005]). Defendant partially severed the victim's finger, severely lacerating the artery, digital nerve and flexor tendons, which were so badly damaged that doctors could not fully repair them (*see People v Willock*, 298 AD2d 161 [2002], *lv denied* 99 NY2d 566 [2002]).

Moreover, as the court instructed, each of the charges included an element of use or possession of a dangerous instrument. Therefore, it was clear to the jurors that if they accepted defendant's testimony that he never possessed the knife at any point, defendant would be entitled to an acquittal for that reason as well (*see People v White*, 66 AD3d 585, 586 [2009], *lv denied* 14 NY3d 807 [2010]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning strategy and attorney-client communications (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel's failure

to request a charge on the justified use of ordinary physical force may have been based on a reasonable strategic determination that such a charge would be counterproductive and difficult to reconcile with the accidental cutting claim. Defendant's argument concerning counsel's opening statement is likewise unreviewable on the present record, and, to the extent reviewable, without merit. Concur—Tom, J.P., Andrias, DeGrasse, Richter and Romàn, JJ.