# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1097**
**KA 11-01409**
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARK A. YOUNGS, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (AMANDA M. CHAFEE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered June 27, 2011. The judgment convicted defendant, upon a nonjury verdict, of rape in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a nonjury trial, of rape in the first degree (Penal Law § 130.35 [3]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that he was denied effective assistance of counsel as a result of defense counsel's failure to make a motion to dismiss the indictment based on the denial of his statutory right to a speedy trial (*see* CPL 30.30 [1] [a]). The record on appeal is inadequate to enable us to determine whether such a motion would have been successful and whether defense counsel's failure to make that motion deprived defendant of meaningful representation (*see People v Obert*, 1 AD3d 631, 632, *lv denied* 2 NY3d 764), and thus defendant's contention is appropriately raised by way of a motion pursuant to CPL article 440 (*see id.; see also People v Oliver*, 24 AD3d 1305, 1305, *lv denied* 6 NY3d 836). To the extent that we reached a contrary result in *People v Manning* (52 AD3d 1295), that case is no longer to be followed.

Defendant asserts that certain exhibits admitted in evidence at trial, i.e., photographs, could not be located for purposes of this appeal, thereby precluding meaningful appellate review. Those exhibits, however, were provided to us upon our request and thus defendant's contention is moot. We reject defendant's contention that New York lacked criminal jurisdiction (*see* CPL 20.20). Preliminarily, we note that preservation of that contention is not required (*see People v Carvajal*, 6 NY3d 305, 311-312). We nevertheless conclude that the People provided enough evidence to establish that "the

alleged conduct or some consequence of it must have occurred within the State" (*People v McLaughlin*, 80 NY2d 466, 471).

Defendant's contention that the evidence is legally insufficient to support the conviction of rape is not preserved for our review because defendant failed to renew his motion for a trial order of dismissal after presenting proof (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant's contention that the search warrant was stale is not preserved for our review (*see People v Martinez*, 39 AD3d 1246, 1246-1247, *lv denied* 9 NY3d 878). Likewise, defendant failed to preserve for our review his contention that County Court erred in refusing to consider lesser included offenses (*see People v Buckley*, 75 NY2d 843, 846). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we conclude that the sentence is not unduly harsh or severe.

Entered: December 21, 2012

Frances E. Cafarell
Clerk of the Court