# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**467**

**KA 12-02150**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

SCOTT A. NAUHEIMER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT A. NAUHEIMER, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered November 8, 2012.  The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him following a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that he was deprived of effective assistance of counsel because his attorney failed to recognize and pursue a justification defense at trial pursuant to Penal Law § 35.20 (3), which permits the use of deadly physical force "to prevent or terminate the commission or attempted commission" of a burglary.  We reject that contention.  There is no dispute that defendant killed the unarmed victim, who was an acquaintance of defendant, by stabbing him in the chest with a 10-inch butcher knife inside the home in which defendant lived.  The knife struck the victim's heart, causing his death.  Instead of pursuing a justification defense at trial, defense counsel argued that defendant did not intend to kill the victim, and that the stabbing was accidental.  There is no evidence in the record that the victim was committing a burglary, and the defense pursued by counsel was consistent with defendant's trial testimony.  Notably, defendant did not testify that he stabbed the victim to prevent him from committing a burglary; instead, he testified that the stabbing was accidental.  If, as defendant claimed, the stabbing was accidental, it could not have been justifiable under Penal Law § 35.20 (3).  In any event, we note that defense counsel's strategy was not wholly unsuccessful, inasmuch as the jury acquitted defendant of murder in the second degree and convicted him of manslaughter in the

first degree as a lesser included offense.

Although defense counsel could have argued that defendant did not intend to kill the victim, but that, even if he did, defendant did so to prevent or terminate a burglary, the "hazardous" nature of pursuing inconsistent defenses is well established, "for it not only risks confusing the jury as to the nature of the defense but may well taint a defendant's credibility in the eyes of the jury" (*People v DeGina*, 72 NY2d 768, 777; *see People v Myers*, 283 AD2d 258, 259, *lv denied* 96 NY2d 922).  Under the circumstances, counsel's failure to request a justification charge "may have been based on a reasonable strategic determination that such a charge would be counterproductive and difficult to reconcile with the accidental [stabbing] claim" (*People v Poston*, 95 AD3d 729, 730-731, *lv denied* 19 NY3d 1104; *see generally People v Benevento*, 91 NY2d 708, 712-713; *People v Rivera*, 71 NY2d 705, 708-709).  To the extent that defendant contends that defense counsel did not understand the law as it related to justification under Penal Law § 35.20 (3), such contention is based on matters outside the record and is appropriately raised by way of a CPL 440.10 motion (*see People v Youngs*, 101 AD3d 1589, 1589, *lv denied* 20 NY3d 1105; *People v Paduano*, 84 AD3d 1730, 1731).

We have reviewed defendant's remaining contentions raised in his main and pro se supplemental briefs and conclude that none warrants reversal or modification of the judgment.

Entered:  August 17, 2016                      Frances E. Cafarell
                                               Clerk of the Court