People v McMillian (2018 NY Slip Op 00649)





People v Mcmillian


2018 NY Slip Op 00649


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, DEJOSEPH, AND WINSLOW, JJ.


29 KA 14-00660

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARQUIS R. MCMILLIAN, ALSO KNOWN AS JOHN DOE/"DAP", DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered October 1, 2013. The judgment convicted defendant, after a nonjury trial, of assault in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1 of these consolidated appeals, defendant appeals from a judgment convicting him, following a bench trial, of assault in the first degree (Penal Law § 120.10 [1]), and two counts of criminal possession of a weapon in the second degree
(§ 265.03 [1] [b]; [3]), arising from an incident in which he shot a man who was sitting on a stopped motorcycle while speaking with two people. In appeal No. 2, he appeals from a judgment convicting him, following the same bench trial, of attempted murder in the second degree (§§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), arising from an incident in which he fired nine shots into a stopped vehicle in which the two people who witnessed the first incident were sitting, seriously injuring one of them.
In both appeals, defendant contends that he was deprived of a fair trial by the prosecutor's failure to disclose Brady material pursuant to defendant's pretrial demands. The record from the trial establishes that a witness was told that federal prosecutors did not wish to charge him with any drug dealing that the witness conducted, but wished only to hear the truth regarding this incident. Initially, we reject the People's contention that no Brady violation occurred because no specific promise of leniency was made, inasmuch as the record establishes that the witness believed that he would not be charged with certain criminal activity if he testified against defendant (see Giglio v United States, 405 US 150, 154-156 [1972]). Nevertheless, it is well settled that, although " the People unquestionably have a duty to disclose exculpatory material in their control,' a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witness[ ]" (People v Cortijo, 70 NY2d 868, 870 [1987]; see generally People v Hines, 132 AD3d 1385, 1386 [4th Dept 2015], lv denied 26 NY3d 1109 [2016]).
Defendant objected solely on speculation grounds when the prosecutor elicited testimony from a police investigator, and defendant therefore failed to preserve for our review his contention that "the testimony of [that investigator] interpreting recorded telephone conversations between defendant and other individuals invaded the province of the jury" (People v Martinez, 39 AD3d 1246, 1247 [4th Dept 2007], lv denied 9 NY3d 878 [2007]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's contention, County Court properly admitted recordings of telephone calls that he made from the jail in which he asked to have an associate obtain the weapon used in the shooting and dispose of it, and then expressed his dismay that another associate had been apprehended with the weapon. Those recordings were properly admitted over defendant's hearsay objection inasmuch as "they reflected his consciousness of guilt" (People v Moore, 118 AD3d 916, 918 [2d Dept 2014], lv denied 24 NY3d 1086 [2014]; see People v Voymas, 39 AD3d 1182, 1184 [4th Dept 2007], lv denied 9 NY3d 852 [2007]).
Contrary to defendant's further contention, we conclude that the evidence, when viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to establish defendant's identity, and thus to support the conviction of the crimes charged (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (People v Van Akin, 197 AD2d 845, 845 [4th Dept 1993]), and we see no basis to reject the court's credibility and weight determinations here.
We reject defendant's contention that the court erred in refusing to allow him to withdraw his waiver of the right to a jury trial. The record establishes that, one week prior to trial, after indicating for several weeks that he wished to waive a jury trial, defendant elected to proceed without a jury and executed a waiver of that right after a thorough inquiry by the court. On the day of trial, the court received defendant's request to vacate that waiver. Particularly in light of the lack of any cognizable basis for the request, we cannot conclude that the court abused its discretion in denying it (see People v McQueen, 52 NY2d 1025, 1025-1026 [1981]). We reject defendant's further contention that reversal is required based on ineffective assistance of counsel regarding defendant's motion to revoke his waiver of a jury trial. The record establishes that defense counsel was "afforded the opportunity to explain his performance with respect to the [waiver] . . . , but [did] not take a position on the motion that [was] adverse to the defendant" (People v Mitchell, 21 NY3d 964, 967 [2013]).
In appeal No. 2, defendant contends that the court erred in denying his request to consider attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]) as a lesser included offense of attempted murder in the second degree. We conclude that the court properly denied that request. Viewed in the light most favorable to defendant, there was "no reasonable view of the evidence . . . that would support a finding that [defendant] committed the lesser offense but not the greater' " with respect to that incident (People v Hymes, 70 AD3d 1371, 1373 [4th Dept 2010], lv denied 15 NY3d 774 [2010], quoting People v Glover, 57 NY2d 61, 63 [1982]; cf. People v Cabassa, 79 NY2d 722, 728-730 [1992]).
Finally, although not raised by defendant, we conclude in appeal No. 2 that the court erred in directing that the periods of postrelease supervision run consecutively to the periods of postrelease supervision imposed in appeal No. 1 (see People v Allard, 107 AD3d 1379, 1379 [4th Dept 2013]). "Penal Law § 70.45 (5) (c) requires that the periods of postrelease supervision merge and are satisfied by the service of the longest unexpired term" (id.; see People v Hollis, 147 AD3d 1505, 1506 [4th Dept 2017], lv denied 29 NY3d 1033 [2017]). We cannot allow an illegal sentence to stand (see People v Johnson, 136 AD3d 1338, 1340 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]; Allard, 107 AD3d at 1379), and we therefore modify the judgment in appeal No. 2 accordingly.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court