Wong v Hsia Chao Yu (2018 NY Slip Op 02731)





Wong v Hsia Chao Yu


2018 NY Slip Op 02731


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Friedman, J.P., Richter, Andrias, Kapnick, Webber, JJ.


6309 104404/09 590758/09

[*1]Helena Wong, Plaintiff-Respondent,
v
Hsia Chao Yu, Defendant-Appellant. 
 [And a Third-Party Action]


Law Offices of Michael Rohde, P.C., New York (Michael A. Rohde of counsel), for appellant.
Bedford Soumas LLP, New York (Cyril K. Bedford of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 12, 2016, which, after a nonjury trial, made findings of fact and awarded judgment for declaratory and injunctive relief in favor of plaintiff Helena Wong and against defendant Hsai Chao Yu, unanimously affirmed, without costs.
"In reviewing a judgment from a bench trial, especially where credibility played an important role, the judgment should only be set aside where it is not supported by any fair interpretation of the evidence" (Abreu v Barkin & Assoc. Realty, Inc., 115 AD3d 624, 624 [1st Dept 2014], citing Nightingale Rest. Corp. v Shak Food Corp., 155 AD2d 297 [1st Dept 1989], lv denied 76 NY2d 702 [1990]). Because the trial court was in the best position to evaluate the credibility of the witnesses, its determination is entitled to great deference (see People v Mcmillian, __AD3d__, 2018 NY Slip Op 00649 [4th Dept Feb. 2, 2018]; see also People v Whatts, 116 AD3d 456, 461 [1st Dept 2014]).
In this family dispute regarding leasehold succession rights to a rent-stabilized apartment, defendant stepmother Hsai Chao Yu asserted that Supreme Court erred in its determination because her stepdaughter, plaintiff Helena Wong, did not satisfy the two-year residency requirement under Rent Stabilization Code section 2523.5(b)(1).
Supreme Court found that plaintiff credibly testified to numerous facts showing that the apartment was continuously her primary residence for the two years prior to the death of her father (the tenant of record) in satisfaction of section 2523.5(b)(1). This testimony was corroborated by third-party defendants.
Moreover, after the husband/father's death in December 2004, the lease to the apartment came up for renewal in November 2005. Supreme Court found that plaintiff testified credibly that defendant was aware that the lease was up for renewal in November 2005 and explicitly consented to the fact that plaintiff would be taking over the lease as the tenant of record. This testimony was again corroborated by Anna Wong, and Supreme Court found defendant's version of the facts surrounding the lease renewal to lack credibility. The fact that the landlord demanded a vacancy rent increase does not negate the trial court's finding that defendant waived her right to succeed the lease.
Further, Supreme Court properly found that because plaintiff validly renewed the lease for a term starting January 1, 2008 to December 31, 2009 and there was no basis for the landlord to terminate that lease renewal, defendant's May 1, 2008 lease was null and void.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK