People v McFadden (2018 NY Slip Op 03282)





People v Mcfadden


2018 NY Slip Op 03282


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


555 KA 15-00941

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT MCFADDEN, ALSO KNOWN AS JOHN DOE, DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (CHARLES STEINMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered December 2, 2014. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of manslaughter in the second degree (Penal Law § 125.15 [1]), defendant contends that he was deprived of effective assistance of counsel because his trial attorney failed to request criminally negligent homicide (§ 125.10) as a lesser included offense of intentional murder and failed to ask County Court to instruct the jury on the justification defense. We reject that contention. Although there was a reasonable view of the evidence that defendant negligently shot the victim, whom defendant claimed grabbed the barrel of defendant's loaded handgun and tried to steal it, "it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Benevento, 91 NY2d 708, 712 [1998]), and defendant failed to meet that burden (see People v Hicks, 110 AD3d 1488, 1489 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]).
Indeed, it would have been a reasonable strategy for defense counsel to decide not to request criminally negligent homicide as a lesser included offense because, without that charge, the chances of defendant being acquitted outright were increased (see generally People v Lane, 60 NY2d 748, 750 [1983]). That is to say, if the jury believed defendant's claim that the gun went off accidently when the victim tried to steal it from him, the jury would have acquitted defendant because it did not have the option of finding him guilty of criminally negligent homicide. If criminally negligent homicide had been charged, and the jury believed defendant's accidental shooting claim, he would have been convicted of criminally negligent homicide, a class E felony, and sentenced to prison as a second felony offender.
Defendant acknowledges, as he must, that it is reasonable for a defense attorney to adopt an " all-or-nothing' " strategy at trial (id.; see People v Clarke, 55 AD3d 370, 370 [1st Dept 2008], lv denied 11 NY3d 923 [2009]; People v Guarino, 298 AD2d 937, 938 [4th Dept 2002], lv denied 98 NY2d 768 [2002]), and that defense counsel would therefore not have been ineffective if he failed to request any lesser included offenses. Defendant nevertheless contends that, because defense counsel requested manslaughter in the first and second degrees as lesser included offenses, there was no legitimate reason not to request criminally negligent homicide as a lesser as well. Defendant cites no authority for the proposition that anything other than a complete "all-or-nothing" strategy with respect to lesser included offenses is unreasonable, and we fail to see the logic in it.
In any event, even assuming, arguendo, that defense counsel should have requested criminally negligent homicide as a lesser included offense, we note that it is well settled that the failure to request a particular lesser included offense "is not the type of clear cut and completely dispositive' error that rises to the level of ineffective assistance of counsel" (People v Harris, 97 AD3d 1111, 1112 [4th Dept 2012], lv denied 19 NY3d 1026 [2012], quoting People v Turner, 5 NY3d 476, 481 [2005]).
Defendant's contention that defense counsel was ineffective in failing to ask the court to instruct the jury on justification is similarly without merit. Defendant admitted to the police that he shot and killed the victim but claimed that he did so accidently when the victim unexpectedly grabbed the barrel of the gun. Because a person cannot accidently act in self-defense, defense counsel would have had to present inconsistent defenses to the jury had he requested the justification charge and the court granted that request. "The hazardous' nature of pursuing inconsistent defenses is well established, for it not only risks confusing the jury as to the nature of the defense but also may well taint a defendant's credibility in the eyes of the jury' " (People v Nauheimer, 142 AD3d 760, 761 [4th Dept 2016], lv denied 28 NY3d 1074 [2016], quoting People v DeGina, 72 NY2d 768, 777 [1988]). Here, "[c]ounsel's failure to request a [justification charge] may have been based on a reasonable strategic determination that such a charge would be counterproductive and difficult to reconcile with the accidental [shooting] claim" (People v Poston, 95 AD3d 729, 730-731 [1st Dept 2012], lv denied 19 NY3d 1104 [2012]; see Nauheimer, 142 AD3d at 761).
Based on our review of the record, we conclude that defense counsel afforded meaningful representation to defendant, obtaining an acquittal on the two murder counts (both intentional and felony murder, despite defendant's admission that he took the victim's cell phone after shooting him), and an acquittal on manslaughter in the first degree. We note that several prosecution witnesses testified that they saw the shooting, and none of them observed the victim grabbing the gun, as defendant claimed to the police. Also, it would seem unlikely that the victim would try to steal a gun while it was being held by defendant with his finger on the trigger, as claimed by defendant. Yet, despite that evidence, defense counsel persuaded the jury that defendant did not intentionally shoot the victim. We also note that defendant, who was sentenced to 7½ to 15 years in prison, appeared pleased with the result at sentencing, stating that he would gladly have accepted a sentence of 20 years in prison on a plea if such an offer had been made to him. Under the circumstances, we cannot agree with defendant that he was deprived of effective assistance of counsel.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court