People v De La Cruz (2022 NY Slip Op 02206)





People v De La Cruz


2022 NY Slip Op 02206


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Ind No. 3461/17 Appeal No. 15633 Case No. 2020-00777 

[*1]The People of the State of New York, Respondent,
v
Maximo De La Cruz, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered December 17, 2019, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 10 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The element of serious physical injury (Penal Law § 10.00[10]) was established by the victim's testimony, corroborated by medical evidence, that as the result of struggling with defendant over a knife in order to prevent him from cutting her throat, she sustained deep lacerations to her fingers in both hands, down to the bone, which severed tendons and a nerve and required surgery. She also testified that, for a period of months after the crime, she was totally unable to care for herself and required the services of an in-home health care aide. "Although the Penal Law does not define the term protracted, nothing in the statute limits protracted impairments to those that are permanent or measured in years" (People v Herrera, 202 AD3d 517, 519 [1st Dept 2022] [internal quotation marks omitted]). In any event, at the time of the trial years later, she still had only limited use of her hands (see People v Willock, 298 AD2d 161 [1st Dept 2002], lv denied 99 NY2d 566 [2002]; People v McDuffie, 293 AD2d 287 [1st Dept 2002] lv denied 98 NY2d 699 [2002]).
There was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support a jury charge on the justifiable use of nondeadly force. Defendant's primary defense at trial was that he had not intended to cut the victim, but was trying to disarm her. This claim of an accidental injury required no justification charge at all (see People v Poston, 95 AD3d 729, 730 [1st Dept 2012], lv denied 19 NY3d 1104 [2012]).
Further, defendant's testimony did not warrant a justification charge, as it included no version that only involved the use of ordinary physical force. There was no reasonable view of the evidence that defendant used anything less than deadly force (see e.g. People v Marishaw, 174 AD3d 401 [1st Dept 2019], lv denied 24 NY3d 952 [2019]). Defendant caused deep lacerations to the victim's fingers in both hands, down to the bone, which severed tendons and a nerve and required surgery (see Willock, 298 AD2d 161).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022