FOURTH DEPARTMENT, NOVEMBER, 2010

(November 12, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY L. KENNEDY, Appellant. [910 NYS2d 602]—

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered May 7, 2009. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (four counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the aggregation of the periods of postrelease supervision and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant was sentenced to a series

of concurrent and consecutive determinate terms of incarceration, each of which included a period of postrelease supervision. At the conclusion of sentencing, County Court stated that the aggregate period of postrelease supervision would be 12 years.

Contrary to the contention of defendant, the court properly denied his challenge for cause with respect to a prospective juror inasmuch as his contention that the prospective juror was not truthful during voir dire is based on mere speculation (*see People v Toussaint*, 74 AD3d 846 [2010]). Also contrary to the contention of defendant, the court did not err in refusing to permit him to ask additional questions of that prospective juror. The court was entitled to limit defendant's repetitive questioning of that prospective juror (*see* CPL 270.15 [1] [c]; *People v Harris*, 98 NY2d 452, 482 n 9 [2002]; *People v Pepper*, 59 NY2d 353, 358-359 [1983]), and defendant failed to identify any new questions that he wished to ask her.

We reject defendant's contention that the verdict is against the weight of the evidence based on gaps in the chain of custody with respect to the drugs at issue. Contrary to defendant's implicit contention, the court properly admitted the drugs in evidence despite those alleged gaps. The police provided sufficient assurances of the identity and unchanged condition of the evidence (*see People v Julian*, 41 NY2d 340, 342-343 [1977]), and thus any alleged gaps in the chain of custody went to the weight of the evidence, not its admissibility (*see People v Cleveland*, 273 AD2d 787 [2000], *lv denied* 95 NY2d 864 [2000]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the further contention of defendant that the court erred in denying his request for an adjournment to enable him to locate two witnesses to testify on his behalf. "[D]efendant's assertion that [the witnesses'] testimony would be material and favorable to the defense is supported by nothing more than the conclusory allegations of [defendant]" (*People v Vredenburg*, 200 AD2d 797, 799 [1994], *lv denied* 83 NY2d 859 [1994]; *see People v Daniels*, 128 AD2d 632, 632-633 [1987], *lv denied* 70 NY2d 645 [1987]). Nor did the court err in denying defendant's mid-trial request for the issuance of subpoenas to compel the appearance of those witnesses. As noted, defendant failed to establish that their testimony would be material and favorable to him and, in any event, he made "no showing of a diligent and good-faith attempt to insure the witness[es'] presence at trial"

before seeking to subpoena those witnesses (*People v Perez*, 249 AD2d 492, 493 [1998], *lv denied* 92 NY2d 903 [1998]).

Defendant failed to preserve for our review the contention in his pro se supplemental brief that his due process rights were denied by the alleged violation of his constitutional right to a speedy trial (*see People v Bradberry*, 68 AD3d 1688, 1690 [2009], *lv denied* 14 NY3d 838 [2010]). In any event, upon our review of the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]), we conclude that defendant's contention lacks merit (*see People v Doyle*, 50 AD3d 1546 [2008]; *People v Jenkins*, 2 AD3d 1390 [2003]).

Defendant's challenge to the hearsay evidence presented to the grand jury "is, in essence, a challenge to the sufficiency of the [g]rand [j]ury evidence" (*People v Cerda*, 236 AD2d 292 [1997]), and that challenge is not reviewable on appeal from a judgment of conviction supported by legally sufficient evidence (*see* CPL 210.30 [6]). The further contention of defendant in his pro se supplemental brief that he received ineffective assistance of counsel is not properly before us to the extent that it is based on matters outside the record on appeal (*see People v Slater*, 61 AD3d 1328, 1329-1330 [2009], *lv denied* 13 NY3d 749 [2009]), and we conclude that defendant's contention is otherwise without merit (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We have considered the remaining contentions of defendant in his pro se supplemental brief and his pro se reply brief, and we conclude that they are without merit.

Finally, although not raised by defendant, we conclude that the court erred in aggregating the multiple periods of post-release supervision that were imposed. Indeed, Penal Law § 70.45 (5) (c) mandates that the periods of postrelease supervision merge and are satisfied by the service of the longest unexpired term. Because we cannot allow an illegal sentence to stand (*see People v Davis*, 37 AD3d 1179, 1180 [2007], *lv denied* 8 NY3d 983 [2007]), we modify the judgment accordingly. Present—Smith, J.P., Fahey, Sconiers, Pine and Gorski, JJ.