# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1373

KA 11-01406

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

JAMES VANVALKINBURGH, DEFENDANT-APPELLANT.

---

BENDER & BENDER, LLP, BUFFALO (PAUL A. BENDER OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 23, 2010. Defendant was resentenced upon his conviction of rape in the third degree (three counts).

It is hereby ORDERED that the resentence so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Erie County, for resentencing.

Memorandum: Defendant appeals from a resentence upon his conviction of three counts of rape in the third degree (Penal Law § 130.25 [2]). Defendant's contentions regarding the severity of his resentence are encompassed by the valid waiver of the right to appeal from the resentence (*see People v Lopez*, 6 NY3d 248, 256). Contrary to defendant's contention, the waiver of the right to appeal at the time of the plea is not subject to our review inasmuch as he did not appeal from the judgment, and the resentence occurred more than 30 days after the original sentence (*see* CPL 450.30 [3]). We nevertheless note, however, that defendant's contention that Supreme Court imposed an aggregate period of 30 years of postrelease supervision is not supported by the record (*cf. People v Kennedy*, 78 AD3d 1477, 1479, *lv denied* 16 NY3d 798). As defendant has failed to recognize, the periods of postrelease supervision imposed on the consecutive terms of imprisonment "shall merge with and be satisfied by discharge of the period of post[]release supervision having the longest unexpired time to run" (Penal Law § 70.45 [5] [c]).

Although defendant does not challenge the legality of the sentence, the court was required to impose determinate terms of imprisonment in "whole or half years" (Penal Law § 70.80 [3]), and we cannot allow the illegal sentences of 2a years of imprisonment imposed on each count to stand (*see Kennedy*, 78 AD3d at 1479; *see*

*generally People v March*, 89 AD3d 1496).  We therefore reverse the resentence and remit the matter to Supreme Court for a further resentencing.

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court