■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN M. VICKERS, Appellant. [57 NYS3d 270]—

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered October 10, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the second degree, attempted criminal sexual act in the first degree and attempted sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the periods of postrelease supervision imposed shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the second degree (Penal Law § 130.45 [1]), attempted criminal sexual act in the first degree (§§ 110.00, 130.50 [1]), and attempted sexual abuse in the first degree (§§ 110.00, 130.65 [4]). Contrary to defendant's contention, his waiver of the right to appeal was valid inasmuch as the record establishes that defendant appreciated the consequences of the waiver and knowingly and voluntarily accepted them (*see People v Lopez*, 6 NY3d 248, 256 [2006]). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see id.* at 255; *People v Hidalgo*, 91 NY2d 733, 737 [1998]).

Conversely, defendant's waiver of the right to appeal does not foreclose his challenge to the legality of the postrelease supervision portion of the sentence (*see People v Pump*, 67 AD3d 1041, 1042 [2009], *lv denied* 13 NY3d 941 [2010]). As the People correctly concede, County Court erred in imposing consecutive periods of postrelease supervision (*see People v Allard*,

107 AD3d 1379, 1379 [2013]). Pursuant to Penal Law § 70.45 (5) (c), the periods of postrelease supervision merge and are satisfied by the service of the longest unexpired term (*see People v Kennedy*, 78 AD3d 1477, 1479 [2010], *lv denied* 16 NY3d 798 [2011]). Here, the longest period of postrelease supervision was 15 years imposed on the conviction of attempted criminal sexual act in the first degree, and the other two periods of postrelease supervision imposed should not run consecutively but instead should merge therein. We therefore modify the judgment accordingly. Present—Whalen, P.J., Carni, NeMoyer, Curran and Troutman, JJ.