■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LOPEZ, Appellant. [56 NYS3d 397]—

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 7, 2014. The judgment convicted defendant, upon his plea of guilty, of intimidating a victim or witness in the third degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of intimidating a victim or witness in the third degree (Penal Law § 215.15 [1]) and endangering the welfare of a child (§ 260.10 [1]). Although we agree with defendant that his waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] . . . defendant in an adequate col-

loquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Jones*, 107 AD3d 1589, 1589 [2013], *lv denied* 21 NY3d 1075 [2013] [internal quotation marks omitted]; *see People v Brown*, 148 AD3d 1562, 1562 [2017]), we nevertheless reject defendant's challenge to the severity of the sentence.

Even a valid waiver of the right to appeal would not encompass defendant's further contention that the court erred in setting the expiration date of the order of protection (*see People v Cameron*, 87 AD3d 1366, 1366 [2011]; *People v Allen*, 64 AD3d 1190, 1191 [2009], *lv denied* 13 NY3d 794 [2009]). Although defendant failed to preserve his contention for our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Inasmuch as we agree with defendant that the court erred in setting the expiration date of the order of protection (*see People v Mingo*, 38 AD3d 1270, 1271 [2007]), we modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify an expiration date in accordance with CPL 530.13 (4) (A) (*see People v Richardson*, 143 AD3d 1252, 1255 [2016], *lv denied* 28 NY3d 1150 [2017]). Present—Whalen, P.J., Smith, Centra, Peradotto and Scudder, JJ.