■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENDEL A. JORDAN, Appellant. [57 NYS3d 919]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered October 29, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends in his pro se supplemental brief that the grand jury proceedings were impaired because the prosecutor presented inadmissible evidence. "It is well settled that '[a] guilty plea generally results in a forfeiture of the right to ap-

pellate review of any nonjurisdictional defects in the proceedings' " (*People v Granger*, 96 AD3d 1669, 1669 [2012], *lv denied* 19 NY3d 1102 [2012], quoting *People v Fernandez*, 67 NY2d 686, 688 [1986]). Therefore, "[b]y pleading guilty, defendant forfeited his present contention that the grand jury proceedings were impaired, inasmuch as the alleged error did not render the accusatory instrument jurisdictionally defective" (*People v Monacelli*, 299 AD2d 916, 916 [2002], *lv denied* 99 NY2d 617 [2003]; *see generally People v Hansen*, 95 NY2d 227, 232 [2000]; *People v Newkirk*, 133 AD3d 1364, 1365 [2015], *lv denied* 26 NY3d 1148 [2016]). The remaining contentions in defendant's pro se supplemental brief are based on facts outside the record and thus must be raised by way of a motion pursuant to CPL 440.10 (*see People v Miller*, 68 AD3d 1135, 1135 [2009], *lv denied* 14 NY3d 803 [2010]; *see also People v Evans*, 137 AD3d 1683, 1683-1684 [2016], *lv denied* 27 NY3d 1131 [2016]).

Finally, contrary to defendant's contention in his main brief, the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, DeJoseph, NeMoyer and Scudder, JJ.