People v Merchant (2019 NY Slip Op 02232)





People v Merchant


2019 NY Slip Op 02232


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


343 KA 17-00491

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RUSSELL MERCHANT, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered June 23, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection to expire on March 26, 2034, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the third degree (Penal Law § 130.40 [2]). Even assuming, arguendo, that the waiver of the right to appeal is invalid and thus does not preclude our review of defendant's challenge to the severity of his sentence (see People v Johnson, 161 AD3d 1529, 1529 [4th Dept 2018]), we conclude that the sentence is not unduly harsh or severe.
We agree with defendant that County Court erred in setting the expiration date of the order of protection. Although defendant failed to preserve that contention for our review (see People v Nieves, 2 NY3d 310, 315-316 [2004]), we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v Lopez, 151 AD3d 1649, 1650 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]; People v Richardson, 134 AD3d 1566, 1567 [4th Dept 2015], lv denied 27 NY3d 1074 [2016]). The People correctly concede that the order of protection should expire on March 26, 2034, eight years after the maximum expiration date of defendant's term of incarceration (see CPL 530.13 [4] [A] [ii]), and we therefore modify
the judgment accordingly.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court