People v Riley (2020 NY Slip Op 01765)





People v Riley


2020 NY Slip Op 01765


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


206 KA 18-02428

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LANCE RILEY, DEFENDANT-APPELLANT. 






SESSLER LAW PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
LANCE RILEY, DEFENDANT-APPELLANT PRO SE.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered August 14, 2018. The judgment convicted defendant upon a plea of guilty of rape in the second degree and criminal sexual act in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by directing that the periods of postrelease supervision imposed shall run concurrently and by amending the order of protection, and as modified the judgment is affirmed, and the matter is remitted to Livingston County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the second degree (Penal Law § 130.30 [1]) and criminal sexual act in the third degree (§ 130.40 [2]). As defendant contends in his main brief and as the People correctly concede, County Court erred in imposing consecutive periods of postrelease supervision (see People v Vickers, 151 AD3d 1627, 1627 [4th Dept 2017]). Pursuant to Penal Law § 70.45 (5) (c), multiple periods of postrelease supervision merge and are satisfied by the service of the longest unexpired term (see People v Kennedy, 78 AD3d 1477, 1479 [4th Dept 2010], lv denied 16 NY3d 798 [2011]). We therefore modify the judgment accordingly.
Defendant further contends in his main brief, and the People correctly concede, that the court erred in setting the expiration date of the order of protection. Although defendant failed to preserve that contention for our review (see People v Nieves, 2 NY3d 310, 315-316 [2004]; People v Coleman, 145 AD3d 1641, 1642 [4th Dept 2016], lv denied 29 NY3d 947 [2017]), we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v Lopez, 151 AD3d 1649, 1650 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]; People v Richardson, 134 AD3d 1566, 1567 [4th Dept 2015], lv denied 27 NY3d 1074 [2016]). In light of our determination that the court erred in imposing consecutive periods of postrelease supervision and in light of the court's failure to account for defendant's jail time credit, we agree with defendant that the court erred in calculating the duration of the order of protection (see CPL 530.12 [5] [A]; Coleman, 145 AD3d at 1642). We therefore further modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify an expiration date in accordance with CPL 530.12 (5) (A) (see People v Richardson, 143 AD3d 1252, 1255 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]).
Defendant's contentions in his pro se supplemental brief are based on matters outside the record and must therefore be raised by way of a motion pursuant to CPL 440.10 (see People v Jordan, 153 AD3d 1130, 1131 [4th Dept 2017], lv denied 30 NY3d 981 [2017]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court