People v Hyde (2020 NY Slip Op 03319)





People v Hyde


2020 NY Slip Op 03319


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


431 KA 18-02400

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BROCK HYDE, DEFENDANT-APPELLANT. 






SESSLER LAW PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROCK HYDE, DEFENDANT-APPELLANT PRO SE.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered August 14, 2018. The judgment convicted defendant upon a plea of guilty of reckless assault of a child and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by directing that the periods of postrelease supervision imposed shall run concurrently and by amending the order of protection, and as modified the judgment is affirmed, and the matter is remitted to Livingston County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of reckless assault of a child (Penal Law § 120.02) and assault in the second degree
(§ 120.05 [9]). As defendant correctly contends in his main brief and as the People correctly concede, County Court erred in imposing consecutive periods of postrelease supervision in violation of Penal Law § 70.45 (5) (c) (see People v Riley, 181 AD3d 1192, 1192 [4th Dept 2020]). Although defendant failed to preserve that contention for our review, the lack of preservation "is of no moment, inasmuch as we cannot allow an illegal sentence to stand" (People v March, 89 AD3d 1496, 1498 [4th Dept 2011], lv denied 18 NY3d 926 [2012]). We therefore modify the judgment by directing that the periods of postrelease supervision imposed shall run concurrently.
In his main brief, defendant further contends, and the People correctly concede, that the court erred in setting the expiration date of the order of protection. Although that contention is unpreserved (see People v Nieves, 2 NY3d 310, 315-316 [2004]), we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). In view of our determination that the court improperly imposed consecutive periods of postrelease supervision and because the court did not account for defendant's jail time credit, we agree with defendant that the court erred in calculating the duration of the order of protection (see Riley, 181 AD3d at 1192). We therefore further modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify an expiration date in accordance with CPL 530.12 (5) (A) (see People v Richardson, 143 AD3d 1252, 1255 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]).
We have considered the contentions of defendant in his pro se supplemental brief and conclude that none warrants further modification or reversal of the judgment.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court