People v McBean (2021 NY Slip Op 01931)





People v Mcbean


2021 NY Slip Op 01931


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1173 KA 19-02152

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLIFTON A. MCBEAN, DEFENDANT-APPELLANT. 






CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered April 30, 2019. The judgment convicted defendant upon a plea of guilty of attempted burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating that part of the sentence ordering restitution and by amending the order of protection to expire on May 22, 2033, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2]). Contrary to defendant's contention, the waiver of the right to appeal is valid. "[A]ll the relevant circumstances reveal a knowing and voluntary waiver" (People v Thomas, 34 NY3d 545, 563 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Defendant contends that the waiver of the right to appeal is invalid because he did not have an opportunity to discuss it with defense counsel. Defendant has waived that particular contention, however, inasmuch as County Court afforded defendant an opportunity to discuss the waiver of the right to appeal with defense counsel, but defendant declined that opportunity (see generally People v Forshey, 298 AD2d 962, 963 [4th Dept 2002], lv denied 99 NY2d 558 [2002], reconsideration denied 100 NY2d 561 [2003]). Defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence and also "includes waiver of the right to invoke [this Court's] interest-of-justice jurisdiction to reduce the sentence" (People v Lopez, 6 NY3d 248, 255 [2006]; see People v Vickers, 186 AD3d 1070, 1071 [4th Dept 2020], lv denied 36 NY3d 977 [2020]).
Defendant's contention regarding the restitution component of his sentence survives his valid waiver of the right to appeal (see People v Rodriguez, 173 AD3d 1840, 1841 [4th Dept 2019], lv denied 34 NY3d 953 [2019]; People v Thomas, 71 AD3d 1231, 1232 [3d Dept 2010], lv denied 14 NY3d 893 [2010]). The People correctly concede that the court erred in ordering restitution to a person who was not a "victim of the offense" (Penal Law § 60.27 [4] [b]), and we therefore modify the judgment by vacating that part of the sentence ordering restitution (see People v Meyers, 182 AD3d 1037, 1042 [4th Dept 2020], lv denied 35 NY3d 1028 [2020]).
Finally, defendant's contention that the court erred in calculating the expiration date of the order of protection also survives his waiver of the right to appeal (see People v Lopez, 151 AD3d 1649, 1650 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]) and, although defendant failed to preserve that contention for our review, we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Lopez, 151 AD3d at 1650; People v Richardson, 143 AD3d 1252, 1255 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]). Here, the expiration date of the maximum term of defendant's determinate sentence of imprisonment is May 22, 2025. Pursuant to CPL 530.13 (4) (A) (ii), the duration of the order of protection may not exceed, as it does here, eight years from that date. We therefore further modify the judgment [*2]by amending the order of protection to expire on May 22, 2033 (see People v Griswold, 186 AD3d 1104, 1105 [4th Dept 2020], lv denied 35 NY3d 1113 [2020]; People v Chattley, 49 AD3d 1307, 1307 [4th Dept 2008], lv denied 10 NY3d 933 [2008]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court