People v Williams (2023 NY Slip Op 04073)

People v Williams

2023 NY Slip Op 04073

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, MONTOUR, AND OGDEN, JJ.

573 KA 19-02181

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT C. WILLIAMS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered September 13, 2019. The judgment convicted defendant upon his plea of guilty of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the orders of protection and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of robbery in the third degree (Penal Law
§ 160.05), arising out of a bank robbery. In addition to imposing an indeterminate term of incarceration, County Court entered two orders of protection ordering defendant to stay away from two of the bank employees until June 20, 2034.
Initially, defendant contends that the orders of protection are invalid because they improperly contain the words "Family Offense" on their face, and erroneously list CPL 530.12 as the statutory basis for the orders of protection instead of CPL 530.13. We conclude that defendant failed to preserve this contention for our review (see People v Nieves, 2 NY3d 310, 315-317 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant also contends that the court erred in setting expiration dates for the orders of protection by failing to take into account his jail time credit. Although defendant also failed to preserve that contention for our review (see Nieves, 2 NY3d at 315-317), we nonetheless exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v McBean, 192 AD3d 1706, 1707 [4th Dept 2021], lv denied 37 NY3d 958 [2021]; People v Riley, 181 AD3d 1192, 1192 [4th Dept 2020]; People v Merchant, 170 AD3d 1651, 1652 [4th Dept 2019], lv denied 33 NY3d 1033 [2019]). Pursuant to CPL 530.13 (former [4] [A]), a court may enter an order of protection in addition to any other disposition imposed for a felony conviction, the duration which "shall not exceed the greater of: (i) eight years from the date of such sentencing . . . , or (ii) eight years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate term of imprisonment actually imposed." Here, the orders of protection contain expiration dates that are more than eight years beyond the date that defendant's sentence was imposed and the date of expiration of the maximum term of the indeterminate term of imprisonment actually imposed (see CPL 530.13 [former (4) (A)]; McBean, 192 AD3d at 1707). We therefore modify the judgment by amending the orders of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled, and to specify for each order of protection an expiration date in accordance with the correct statutory provision—i.e., CPL 530.13 (former [4] [A]), the version of the statute in effect when the judgment was rendered on September 13, 2019 (see People v Bradford, 61 AD3d 1419, 1421 [4th Dept 2009], affd 15 NY3d 329 [2010]; People v Boje, 194 AD3d 1367, [*2]1368-1369 [4th Dept 2021], lv denied 37 NY3d 970 [2021]).
We conclude that the sentence is not unduly harsh or severe.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court