People v Stanley (2025 NY Slip Op 06083)

People v Stanley

2025 NY Slip Op 06083

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-06684 ON MOTION
 (Ind. No. 73152/23)

[*1]The People of the State of New York, respondent,
v
Dylan J. Stanley, appellant.

Leon H. Tracey, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Robert A. Schwartz, J.), rendered July 18, 2024, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Leon H. Tracy for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,
ORDERED that Judah Maltz, 125-10 Queens Blvd., Suite 12, Kew Gardens, NY 11415, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated August 30, 2024, the appellant was granted a waiver of costs, fees, and expenses and the assignment of counsel, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service (see 22 NYCRR 670.9[a]).
"An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps" (People v Bolton, 216 AD3d 812, 813). First, the court evaluates assigned counsel's brief, "which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (People v Murray, 169 [*2]AD3d 227, 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). "The second step is to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct" (People v Bolton, 216 AD3d at 813). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (People v Murray, 169 AD3d at 231). If the court concludes that nonfrivolous issues could be raised on appeal, the court must assign new counsel to pursue the appeal on the defendant's behalf (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, while we are satisfied with the sufficiency of the brief filed by assigned counsel, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's waiver of his right to appeal was valid (see People v Dowling, 237 AD3d 1220, 1221) and whether the sentence imposed was excessive (see generally People v Suitte, 90 AD2d 80).
BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court